IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALONZO SMOTHERS,
    Plaintiff,

vs.                                    Case No.: 5:13cv227/RS/EMT

SERGEANT C. BROWN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 (doc. 15). Leave to proceed in forma pauperis has been granted (doc. 5).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B),(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

I.    BACKGROUND

Plaintiff, a prisoner in the Florida correctional system, names Sergeant C. Brown, a sergeant at the Northwest Florida Reception Center ("NWFRC"), as the sole Defendant in this action (doc. 15 at 1, 2).[1] Plaintiff alleges that in January of 2012, he was housed in confinement at the NWFRC with Inmate John Fowler, a "gay partner or lover" of Inmate James Character (*id.* at 5). Plaintiff alleges Fowler told him he had HIV and threatened to stab him when he was released from confinement (*id.*). Plaintiff informed Sergeant Brown about "the issue" between him and Inmate

---

[1] In the original complaint Plaintiff named three Defendants (*see* doc. 1), and the caption of this case remains styled as such, even though Plaintiff has named only Defendant Brown in the complaint under review.

Fowler, and asked that Fowler be moved to a different cell (*id.*). Sergeant Brown moved Fowler to a different cell in March of 2012 (*id.*). Plaintiff alleges he began to argue with Inmate Character about his not wanting to share a cell with Inmate Fowler, and Sergeant Brown was aware of the arguments but ignored the situation and continued his daily duties (*see* doc. 1 at 5). On April 13, 2012, Plaintiff was being released from confinement to the general population, and asked Sergeant Brown which housing dormitory he was assigned to (doc. 15 at 5). Brown responded that Plaintiff would be housed in E-dormitory with Inmate Character (*id.* at 6). Plaintiff advised Sergeant Brown that he would be at risk of being hurt if housed with Character (*id.*). Brown responded, "He will not bother you." (*id.*). Plaintiff alleges Sergeant Brown knew that gang violence occurred at NWFRC, and he knew that Inmate Character had a reputation of being a gang member and having perpetrated violent acts at NWFRC (*id.*).

Plaintiff alleges upon his arrival in E-dormitory, he informed Sergeant Frye that he was at risk of being harmed if he was housed in E-dormitory (doc. 15 at 6). Plaintiff alleges Frye responded that he "would be alright" (*id.*). Plaintiff alleges he fell asleep in the day room, and was hit in the head and knocked unconscious (*id.*). He alleges he was awakened by correctional officers, placed into a wheelchair, and taken to a hospital, where he was treated for his injuries (*id.*). In a prior complaint, Plaintiff alleged one of the officers informed him that James Character was the perpetrator of the attack (*see* doc. 11 at 6).

Plaintiff contends Sergeant Brown failed to protect him from the attack by Inmate Character, in violation of the Fourteenth Amendment (doc. 15 at 7). As relief, he seeks monetary damages (*id.*).

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997).

To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Id. at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

III.    ANALYSIS

Although Plaintiff brought his claim under the Fourteenth Amendment, a claim that a corrections official failed to protect an inmate from violence at the hands of another inmate arises under the Eighth Amendment (and the court will construe his claim as such). In order to state a claim for a violation of his right to be free from cruel and unusual punishment, "there must be at

least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso Cnty. Jail, 642 F.2d 134, 136 (5th Cir. 1981)). "An official's deliberate indifference to a known danger violates an inmate's Eighth Amendment rights." McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citations omitted); Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 616–17 (11th Cir. 2007); Purcell ex. Rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety. Farmer, 511 U.S. at 834; Purcell, *supra*; Carter, *supra*. To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known of and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Purcell, 400 F.3d at 1319–20 (plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.") (citation omitted); Rodriguez, *supra*. When officials become aware of threats to an inmate's health and safety, the Eighth Amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection. McCoy, 47 F.3d at 407; Marsh v. Butler Cnty., Alabama, 268 F.3d 1014, 1027 (11th Cir. 2001).

It is not appropriate to use hindsight to determine whether conditions of confinement amounted to "cruel and unusual" punishment. Purcell, 400 F.3d at 1320 (citing Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)). Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. Farmer, 511 U.S. at 841. The risk of attack must have been substantial, beyond mere possibility. Brown, 894 F.2d at 1537. Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm." *See* Carter, 352 F.3d at 1349; Brown, 894 F.2d at 1537 (prison officials' awareness of "racial problem" in plaintiff's cell was insufficient to hold them liable for attack by another inmate); *see also, e.g.*, Gross v. White, 340

F. App'x 527, 532 (11th Cir. 2009) (unpublished) (plaintiff's conclusory allegations about jail officials' "knowledge and/or access to knowledge" about danger potentially posed by inmate who attacked him did not state a claim of deliberate indifference). Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

The Court in Farmer identified three ways that prison officials might avoid Eighth Amendment liability. Officials might show: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger"; (2) "that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent"; or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." 511 U.S. at 844. A merely negligent failure to protect an inmate does not state a claim under § 1983. Carter, 352 F.3d at 1350; Brown, 894 F.2d at 1537; Davidson v. Cannon, 474 U.S. 344, 347–48, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Liberally construing Plaintiff's allegations, he alleges Sergeant Brown was aware that (1) while Plaintiff shared a cell with Inmate Fowler, Fowler threatened to stab Plaintiff when he was released from confinement, (2) gang violence occurred at the institution, (3) Inmate Character had a reputation of being a gang member, and had committed acts of violence at the institution, (4) Plaintiff and Character had previously argued about Plaintiff's not wanting to be housed with Fowler, and (5) Plaintiff told Brown he would be at risk of being hurt if he was housed with Character. Initially, the fact that Brown was aware of a specific serious threat by Inmate Fowler while Plaintiff and Fowler shared a cell in confinement does not suggest Brown was aware that housing Plaintiff in the same dormitory as Inmate Character posed a substantial risk of harm to Plaintiff. *See, e.g.*, Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (unpublished) (plaintiff failed to allege facts supporting failure-to-protect claim as to defendant officials' failure to protect him from attack by Inmate Thomas, where officers knew that plaintiff had requested protection from his original cellmate, Inmate Neisler, but plaintiff did not allege defendants had notice he was in danger from Inmate Thomas).

Further, although Sergeant Brown was aware that Plaintiff and Character had previously argued, and Plaintiff expressed fear that Character would hurt him if the two were housed together, these facts do not suggest Brown was subjectively aware Plaintiff was especially likely to be assaulted by Character if the two were housed in the same dormitory.  At most, the facts suggest Brown's failure to change Plaintiff's housing assignment was negligent.  This is especially so in light of Plaintiff's allegation that Brown previously protected Plaintiff in the face of knowledge of a specific threat of assault (i.e., Brown moved Fowler to a different cell after Plaintiff informed him of Fowler's threat to stab him while the two were cellmates).  *Compare* Carter, 352 F.3d at 1349–50 (plaintiff failed to establish that defendant officers had subjective awareness of particularized threat or fear felt by plaintiff, where only complaints plaintiff made to officials were that attacker-inmate (1) paced his cell like a wild animal, (2) wanted to fake a hanging in order to secure a transfer, and (3) told the plaintiff-inmate that he would help the attacker-inmate carry out the fake hanging "one way or another."), *and* Chatham v. Adcock, 334 F. App'x 281, 293–94 (11th Cir. 2009) (unpublished) (corrections officers were not deliberately indifferent to the risk of harm to plaintiff posed by fellow inmate who later assaulted him; although fellow inmate was a "problem inmate" with "violent tendencies," and prisoner asserted that fellow inmate threatened him repeatedly in the days before the assault, prisoner did not identify any specific serious threat from fellow inmate which he then reported to any other corrections officer prior to the assault), *and* McBride v. Rivers, 170 F. App'x 648, 655 (11th Cir. 2006) (unpublished) (plaintiff failed to show that defendant officers had subjective knowledge of risk of serious harm in placing him in same cell as future attacker, where evidence showed that plaintiff's only statements to defendants relating to his safety included his general request that they not place him in a cell with anyone he might have problems with, and his statements, upon seeing future attacker, that "me and that dude had problems.  I'm in fear for my life.  Don't put me in the cell with him."), *with* Rodriguez, 508 F.3d at 618–19, 621 n.21 (evidence was sufficient to state a failure-to-protect claim where plaintiff alleged he twice communicated to defendant officer that he had received threats on his life from members of his former gang, and plaintiff requested that defendant officer place him in protective custody or recommend his transfer to another institution).

Plaintiff's factual allegations fail to state a plausible failure-to-protect claim against Sergeant Brown.  Accordingly, dismissal of this case is warranted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 30th day of October 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**